**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:  Civil Action No. 16-668 (FLW)(LHG)
PRICE HOME GROUP, LLC,           :
                                 :  **OPINION**
                Plaintiff,       :
                                 :
        v.                       :
                                 :
RITZ-CRAFT CORP. OF              :
PENNSYLVANIA, INC.,              :
                                 :
                Defendant.       :
_____:

**WOLFSON, United States District Judge**:

Before the Court is the motion of Defendant and Counterclaim Plaintiff Ritz-Craft Corporation of Pennsylvania, Inc. ("Ritz-Craft") to strike the Answer of Plaintiff and Counterclaim Defendant the Price Home Group ("PHG") and for an entry of default judgment, pursuant to Fed. R. Civ. P. 55, on Ritz-Craft's Counterclaim. For the reasons set forth below, the Court (i) finds that Ritz-Craft is entitled to an entry of default judgment on its Counterclaim; (ii) strike's PHG's Answer; and (iii) dismisses the claims in PHG's Complaint with prejudice.

I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

On December 14, 2015, Ritz-Craft filed a complaint against PHG in the United States District Court for the Middle District of Pennsylvania, seeking a declaratory judgment that Ritz-Craft properly terminated the agreement between Ritz-Craft and PHG wherein Ritz-Craft agreed to sell modular homes to PHG for resale to PHG's customers ("the Builder's Agreement"). PHG filed a motion to dismiss that complaint for lack of jurisdiction on January 21, 2016. At that point, PHG had also already, on January 11, 2016, filed a complaint against Ritz-Craft in the Superior Court of New Jersey, Law Division, Ocean County, seeking monetary damages for

1

Ritz-Craft's alleged breach of the Builder's Agreement (the "Complaint"). On February 8, 2016, Ritz-Craft removed the Superior Court action to this Court, pursuant to 28 U.S.C. § 1446.

On March 1, 2016, Ritz-Craft moved to dismiss before this Court, arguing, *inter alia*, that PHG's Complaint should be dismissed in favor of the first-filed action pending in the Middle District of Pennsylvania. During the pendency of Ritz-Craft's motion, however, the first-filed action was transferred from the Middle District of Pennsylvania to this Court. Accordingly, on July 20, 2016, the Court held a telephone conference, with counsel for both parties present, to discuss the pending motion to dismiss and the newly transferred case. After hearing from counsel, and considering the parties' submissions on the motion to dismiss, the Court, in an order issued on July 20, 2016, consolidated the action transferred from the Middle District of Pennsylvania with the action removed from New Jersey Superior Court, and granted in part and denied in part Ritz-Craft's motion to dismiss. Specifically, the Court denied Ritz-Craft's motion to dismiss on the basis of the first-filed rule as moot, in light of the consolidation of the actions; granted Ritz-Craft's motion to dismiss Count II of PHG's Complaint for breach of the implied covenant of good faith and fair dealing without prejudice; and denied Ritz-Craft's motion to dismiss the other Counts of PHG's Complaint without prejudice. Furthermore, as part of the consolidation, the Court ordered that Ritz-Craft's claims from the Middle District of Pennsylvania complaint would be converted into a counterclaim in the present action, instructed Ritz-Craft to answer PHG's complaint, and instructed PHG to answer Ritz-Craft's counterclaim.

Ritz-Craft's Counterclaim requests that the Court declare the rights of the parties under the Builder's Agreement as follows:

> A. That Ritz-Craft's termination of the Builder's Agreement upon written notice to PHG is proper and authorized under Section 8(b) thereof and effective as of September 30, 2015.

B. That PHG materially breached Section 7(a) or any other applicable provision of the Builder's Agreement.

C. Alternatively, that Ritz-Craft's termination of the Builder's Agreement upon written notice to PHG is proper and authorized under Section 8(a) of the Builder's Agreement and effective as of September 30, 2015.

D. Alternatively, that Ritz-Craft substantially complied with the notice provision set forth in Section 8(a) of the Builder's Agreement.

E. Alternatively, that Ritz-Craft was entitled to repudiate the Builder's Agreement pursuant to 13 Pa. C.S.A. §2609 due to PHG's failure to provide adequate assurance to Ritz-Craft within a reasonable time.

F. That Ritz-Craft has no contractual obligation to PHG (apart from any limited warranty obligations under Section 10 of the Builder's Agreement) as of September 30, 2015 and going forward.

G. That Ritz-Craft is not liable to PHG for PHG's default on any of PHG's obligations to its customers or third parties.

H. That Ritz-Craft did not breach any provision of the Builder's Agreement.

F. Any other relief the Court deems just and appropriate.

Counterclaim, ¶ 41. Ritz-Craft timely filed an answer to PHG's Complaint, and PHG filed an answer to Ritz-Craft's Counterclaim.

While this litigation was proceeding, Scott Cowan and Jonathan Price, the owners of PHG, filed individual bankruptcy proceedings. On September 12, 2016, counsel for PHG filed a Motion to Withdraw as Attorney. The Court set an in-person hearing on the Motion before Magistrate Judge Lois H. Goodman on November 14, 2016. At the hearing, Judge Goodman advised that, as a corporate entity, PHG was not permitted to proceed without representation, and that, should PHG desire to proceed and retain counsel, it must do so prior to a date to be set by the Court. Judge Goodman also repeatedly warned PHG that failure to retain counsel, as required for a corporate entity to proceed in any litigation before a federal court, would subject PHG to an entry of default judgment on Ritz-Craft's Counterclaim. PHG's representative present at the hearing advised Judge Goodman that PHG would not retain counsel. The issue of affording the

3

trustees in the individual bankruptcy proceedings of PHG's owners the opportunity to state their positions then arose, and Judge Goodman indicated that such an opportunity would be given.

Following the hearing, on November 18, 2016, Magistrate Judge Goodman issued an Order granting the motion of PHG's counsel to withdraw as attorney[1] and directing that, if any bankruptcy trustee wished to be heard in this matter, an application would have to be filed by December 5, 2016. Judge Goodman's Order further stated that if no trustee made a filing on or before December 5, 2016, Ritz-Craft would be granted leave to file a formal motion for relief. PHG's former counsel was charged with serving the bankruptcy trustees in the proceedings of PHG's owners with the Order, but did not do so until December 13, 2016. The Trustee in the bankruptcy proceeding of PHG-owner Cowan therefore requested an additional two-week period within which to determine whether she wished to proceed in the case on behalf of Mr. Cowan, and to confer with the bankruptcy trustee for Mr. Price as to whether that trustee would proceed on his behalf. Judge Goodman granted the request by letter order dated December 14, 2016. The trustees were given until December 27, 2016 to enter an appearance or otherwise notify the Court of their intent to proceed on behalf of either debtor in this case.

No appearances of counsel for either PHG or the bankruptcy trustees were entered, and so, on January 9, 2017, the Clerk of Court entered default against PHG. On April 26, 2017, Ritz-Craft moved for entry of default judgment on its Counterclaim, requesting that the Court find that Ritz-Craft's termination of the Builder's Agreement was proper and effective as of

---

[1] Although the present motion is unopposed, the Court nevertheless notes that Magistrate Judge Goodman's grant of the motion of PHG's former counsel to withdraw was proper, even though PHG could not proceed without counsel as a matter of law. *Buschmeier v. G&G Investments, Inc.*, 222 F. App'x 160, 162-64 (3d Cir. 2007) (finding that district court should have allowed counsel for corporation to withdraw, even where permitting such withdrawal would leave the corporation without counsel, and observing standard practice of the district courts to "then inform the corporation that it cannot go forward without retaining new counsel").

4

September 30, 2015, Ritz-Craft has no contractual obligation to PHG as of September 30, 2015 and going forward, Ritz-Craft is not liable to PHG for PHG's default on any of PHG's obligations to its customers or third parties, and Ritz-Craft did not breach any provision of the Builder's Agreement. Ritz-Craft's motion also requests that, in light of the findings on default judgment, PHG's Answer be stricken, and the remaining counts of PHG's Complaint — Count I (breach of contract), III (violation of the New Jersey Franchise Practice Act N.J.S.A. §§ 56-10-1 *et seq.*), IV (indemnification and defense for claims under the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1 *et seq.*) and V (promissory estoppel) — be dismissed with prejudice.

As of the date of this Opinion, no appearances of substitute counsel for PHG have been entered, nor have any appearances been filed on behalf of the Cowan or Price bankruptcy trustees or their counsel. The Court therefore proceeds to consider and will grant Ritz-Craft's motion for default judgment.

II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default judgment. To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default pursuant to Fed. R. Civ. P. 55(a). *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.,* 175 F. App'x 519, 521 n. 1 (3d Cir.2006). Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b) allows the Court to enter a judgment by default upon application of a party. Fed. R. Civ. P. 55(b).

However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. *Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir.1984). The Third Circuit has explained that while the entry of default judgment "is largely within a district court's discretion, three factors control this determination: '(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct.'" *Allaham v. Naddaf*, 635 Fed. Appx. 32, 36 (3d Cir. 2015) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 Fed. Appx. 189, 190 (3d Cir. 2017). *See Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990) (once a party has defaulted, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (internal quotations omitted) (citing *Thomson v. Wooster,* 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885)).

III. ANALYSIS

As default has already been entered against PHG, pursuant to Fed. R. Civ. P. 55(a), the only question before the Court is whether default judgment is appropriate under Rule 55(b). Ritz-Craft contends that default judgment is appropriate under the Rule because PHG has failed to obtain counsel. Indeed, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993); *see also Simbraw, Inc. v. United States,* 367 F.2d 373 (3d Cir. 1966) (*per curiam*) (holding that "a corporation

[must], to litigate its rights in a court of law, employ an attorney at law to appear for it and represent it in the court"). "The same applies to LLCs [limited liability companies], . . . because . . . LLCs have a legal identity separate from their members." *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012). Moreover, the Courts in this District have long held that the failure of a corporation or LLC to be represented by counsel merits the dismissal of the entity's claims, *id.* at 72-3, and is an appropriate basis for the entry of default judgment against the entity. *See, e.g.*, *Falato v. Fotografixusa, L.L.C.*, No. CIV.A. 09-5232 MAS, 2013 WL 3873260, at *1–2 (D.N.J. July 25, 2013) (granting default judgment against LLC defendant for failure to be represented by licensed counsel); *Carolee, LLC v. eFashion Sols., LLC*, No. CIV. 12-2630 WHW, 2013 WL 3336789, at *1 (D.N.J. July 2, 2013) (LLC's failure to retain counsel despite Magistrate Judge's repeated warnings that such failure would result in default judgment warranted grant of default judgment, even without consideration of specific factors); *Ario v. Morelli*, No. CIV.A. 06-1024FLW, 2008 WL 314578, at *3 (D.N.J. Jan. 30, 2008) (granting default judgment against corporate defendant for failure to be represented by counsel).

Here, PHG is an LLC, and accordingly must be represented in court by counsel. *Dougherty*, 469 F. App'x at 72. Despite being informed repeatedly by the Magistrate Judge at the November 14, 2016 hearing that it was required to proceed with counsel and that failure to retain counsel could result in the entry of a default judgment against it, PHG has not had counsel enter an appearance on its behalf. PHG has therefore been without counsel in this action for a period of almost a year, since the Magistrate Judge granted PHG's former counsel's motion to withdraw on November 18, 2016. During that period PHG and the bankruptcy trustees of PHG's owners were afforded ample opportunity to obtain counsel and resume participation in this litigation. PHG's failure, in particular, can only be deemed willful and intentional in light of the direct

statement of PHG's representative to the Magistrate Judge at the November 14 hearing that PHG would not retain substitute counsel in this matter, despite the Magistrate Judge fully appraising the representative of the potential consequences of such course of action.

Accordingly, the Court finds that plaintiff would be prejudiced were default judgment to be denied in this case because of the length of the delay and in light of the intentional nature of PHG's conduct in choosing to proceed without counsel after receiving the Magistrate Judge's warnings. The Court further finds that it does not appear that PHG has a litigable affirmative defense to Ritz-Craft's declaratory judgment Counterclaim because PHG's Answer consists of simple denials and bare, legal defenses, without further elaboration or reference to the specific facts or the underlying Builder's Agreement, and this Court has no other basis from which to extrapolate a defense. Finally, it is clear that PHG's conduct in this matter is culpable, as a representative of PHG was informed by Magistrate Judge Goodman repeatedly, in-person, that PHG was not permitted to proceed without counsel and that failure to retain counsel would subject PHG to default judgment, and PHG's representative nevertheless chose to so proceed. Accordingly, the Court will strike PHG's Answer and enter default judgment on Ritz-Craft's Counterclaim.

Taking the allegations in Ritz-Craft's Counterclaim as true, the Court finds that Ritz-Craft's termination of the Builder's Agreement was proper and effective as of September 30, 2015, Ritz-Craft has no contractual obligation to PHG as of September 30, 2015 and going forward, Ritz-Craft is not liable to PHG for PHG's default on any of PHG's obligations to its customers or third parties, and Ritz-Craft did not breach any provision of the Builder's Agreement. Furthermore, because the remaining claims in PHG's own Complaint are premised on Ritz-Craft's breach of the Builder's Agreement or of some other obligation to PHG or its

customers, and because PHG has failed to prosecute its claims, pursuant to Fed. R. Civ. P. 41(b), the Court dismisses Counts I, III, IV, and V with prejudice.

IV. CONCLUSION

For the foregoing reasons, the Court strikes PHG's Answer, enters default judgment against PHG on Ritz-Craft's Counterclaim, and dismisses the remaining counts (I, III, IV, and V) of PHG's Complaint with prejudice. An appropriate Order to follow.

Dated: 11/8/2017  /s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge